William E. J. Connor, J.
On the 27th day of July, 1956 Mr. Justice Biiígrosb at Borne, New York, allowed a writ of habeas corpus directing the Superintendent of the New York State Training School for Girls at Hudson, New York, to have the body of Judith (June) Baye brought before me as the Columbia County Judge at the courthouse in Hudson, New York, to ascertain the cause of her detention.
It is the contention of the petitioner that the said Judith Baye is by the Superintendent of the New York State Training-School for Girls illegally detained and the reasons for the illegality of the detention as contended by the petitioner are substantially as follows: It is contended that the said Judith Baye was brought before Judge Ahthohy K. Pomilio, the Special County Judge of the County of Oneida, and the said *864 Judge Ahthout K. Pomilio, acting as Judge of the Children’s Court of said county, found the said child to be delinquent and placed the child upon probation. That thereafter the said child was charged with the violation of the terms of her probation and instead of being brought before Judge Pomilio, was brought before Judge Ezra Hanagau, the County Judge of the County of Oneida. The said Judge Hanagan found the child guilty of violating the terms of her probation and she was committed to the New York State Training School for Girls at Hudson, New York. It is argued that Judge Pomilio has exclusive jurisdiction over the Children’s Court of the County of Oneida, and that Judge Hanagan does not and cannot become the Judge of the Children’s Court of Oneida County unless and until he complies with the provisions of section 5 of the Children’s Court Act of the State of New York.
Section 5 of the Children’s Court Act of the State of New York provides that “ in the absence or disability of the judg'e of the children’s court, a county judge, the special county judge or the surrogate may serve temporarily as judge of the said court. The officer so serving shall file in the office of county clerk a certificate stating his consent to so serve.”
It is further contended that Judge Hanagan did not file in the office of the County Clerk a certificate stating his consent to so serve and that therefore he was without jurisdiction to impose the sentence which he imposed.
There might be some merit to the contention of the petitioner if Judge Pomilio were the Children’s Court Judge of the County of Oneida and had exclusive jurisdiction over said court. I cannot find this to be the case.
In 1922 the Legislature of the State of New York enacted section 4 of the Children’s Court Act of the State (L. 1922, ch. 547). By said act it declared in substance that there should be elected by the electors of every county in the State a Judge of the Children’s Court. It then declared as follows: “ provided, however, that where it shall appear from a certificate filed with the secretary of state by the county judge, or judges, or by a majority of them and the board of supervisors of such county on or before the first day of August preceding such election that the judicial business of such county will not in their opinion justify the election of a judge of the children’s court and that the county judge or judges or special county judge of such county already in office can adequately perform the duties of judge of the children’s court in addition to the duties already imposed by law, no such election shall be held *865 in such county, and in such case the county judge or judges or such special county judge shall perform the additional duties herein conferred.”
In accordance with section 4 of the Children’s Court Act on July 31, 1922, the then County Judge of the County of Oneida by the Board of Supervisors issued a certificate in which they certified that the judicial business of Oneida County would not in their opinion justify the election of a Judge of the Children’s Court, and they further certified that the Special County Judge of Oneida County, already in office, can adequately perform the duties of Judge of the Children’s Court in addition to the duties already imposed by law.
In my opinion this certificate did not confer upon the Special County Judge exclusive jurisdiction over the Children’s Court of Oneida County, for the certificate does not so state, and even if it did so state the statute did not give the Board of Supervisors authority to vest the jurisdiction in any one Judge. The statute says that after the certificate has been filed with the Secretary of State that “ no such election shall be held m such county, and in such case the county judge or judges or such special judge shall perform the additional duties herein conferred ”. I, therefore, hold that after the filing of the certificate by the County Judge and the Board of Supervisors of Oneida County, that the County Judge or the Special County Judge was authorized to perform the duties of the Judge of the Children’s Court and that both had jurisdiction over said court. It apparently is true that the Special County Judge lias done most of the work of the Judge of the Children’s Court, but this has apparently been done by arrangement between the County Judge and the Special County Judge. The fact that most of the cases tried in Oneida County involving children under the age of 16 years have been tried before Judge Pomilio did not and does not deprive Judge Hanagan from exercising the authority conferred upon him by the Legislature of the State of New York, and the writ of habeas corpus is therefore denied.